# United States District Court For The Southern District Of Indiana.

28 U.S.C. 2254. Habeas Corpus Petition By A Person In State Custody.

Akeem Deondrea Boddie.-238755

Cause NO. New Case.)

2:23-cv-207-JRS-MJD

**FILED**
**04/24/2023**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

Place of Confinement:)
Wabash Valley Correctional Facility.)
6908 S. Old U.S. Hwy. 41
Carlisle, IN 47838

## Conviction And Sentence.

1.) What State Court entered the Judgment you are Challenging? The Allen County Circuit and Superior Court.) Fort Wayne, IN 46802. Criminal Case Number: 02D06-1708-F1-11. Did you plead guilty? NO Length of Sentence. Forty-two (42) Years.) Date of Sentencing: March 26, 2018.) Crimes for which you were Sentenced: Felony 1 Burglary, Felony 6 theft. F1 40 yrs, F6 2 yrs.)

## Probation/Parole Revocation.

2.) Are you challenging a Probation/Parole Revocation? NO

## Direct Appeal

3.) Did you directly appeal to the Court of Appeals of Indiana? Yes
Case number: 18A-CR-1038.
Result: Affirmed.) Date of result ~~February 21~~ November 29th, 2018.)
Did you seek transfer to the Indiana Supreme Court? Yes
Case number: 18A-CR-1038
Result: Transfer Denied.) Date of result February 21, 2019
Did you petition for certiorari to the United States Supreme Court? NO.

First Post-Conviction Relief Petition

4.) Did you file a post-conviction relief petition in state court? Yes
Case number: 02D05-1906-PC-43.
Name of Court: The Indiana Supreme court of Appeals and tax court.
Date of filing: June 24, 2019.) Result: Denied
Date of Result: February 23, 2021.)
Did you appeal to the Court of Appeals of Indiana? Yes
Case number: 21A-PC-01246
Result: Denied/failure to comply with Appellate Rules 50(B) and 51. The petitioner made se~ several attempts to tender an appendix that appeased the court but simply did not know how to properly file such.
Date of result: August 22, 2022
Did you seek transfer to the Indiana supreme court? Yes
Result: Pending, the state of Indiana as of November 16, 2022 has stated that there will be not brief filed in response to the petitioner's petition regarding transfer to the Indiana Supreme court. Denied 4/6/23

Other collateral Attacks

5.) Other than the cases listed above, have you filed anything else in state Court? NO

6.) Have you challenged this conviction or revocation in federal Court? NO

7.) Have you challenged this conviction in any other case or appeal? NO

Filing FEE.  )The fee for filing this habeas corpus petition is $5.00.
8.) Are you paying the 5.00.]? Yes
I have authorized prison officials to deduct the money from my prisoner trust fund account and send it to the court.

Grounds Raised In This Habeas Corpus Petition

<u>Ground-One.</u>) Briefly describe your claim.
<u>Ineffective Assistance Of Counsel.</u>) Violation of the United States Constitution Amendment six (6). Indiana Constitution Article one (1) section thirteen (13).
Supporting Facts: In order to pass upon the petitioner's claims, questions, and or grounds raised in support of this federal habeas corpus petition.) It is highly necessary to review in great details the facts preceding the trial, as disclosed in the record and not dispured by counsel.) The Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial, since access to counsel's skill and knowledge is necessary to accord defendants the ample opportunity to meet the case of the prosecution to which they are entitled.) Criminal Law 46.3 - right to counsel.) Whereas the petitioner's counsel's ineffective representation was the functional equivalent of having had no representation at all.) The right to counsel is the right to the effective assistance of counsel, in which the petitioner is entitled and or guaranteed by the United States Constitution sixth (6th) Amendment.) Indiana Constitution Article I, section thirteen (13). Attaching to such the United States Constitution fourteenth (14th) Amendment both Substantial and Procedural Due process alike.)
<u>Did you present Ground one to the Indiana Supreme Court? Yes</u>
to the very best of my pro-se ability the record is self-explanatory I have presented exhibits, I have directed the courts attention to the very heart of the trial record.) This would be facts preceding the trial as disclosed in the record and not disputed by counsel.) As I have presented the question to the Indiana Supreme Court, I will now present the same to this federal Court what did counsel do on behalf of the petitioner in respects to the fundamental right to effective assistance of counsel and or adequate legal assistance.
(1) There were no substantial motions ever filed on behalf of the petitioner
(2) The petitioner's counsel's failure to familiarize himself with the discovery materials.
(3) Counsel's failure to present two (2) key police reports one describes the actual assailant the other describes the assault being very minimal in which may have been used for impeachment purposes in regards to the absurd voice Identification.

(4) The petitioner's Counsel's failure to move to suppress evidence that was seized from the petitioner in violation of the U.S.C. Fourth (4th) and Fourteenth (14th) Amendments.)

Ground-Two.

Unreasonable Search and seizure, violation of both substantial and Due Process alike.) The facts of the petitioner's claims are hereby best supported and or arises under the 4th and 14th Amendments of the United States Constitution.) At all times hereinafter the petitioner was and still is a citizen of the United States of America. The acts done by the Fort Wayne Police department and the state of Indiana were done without Cause, thereby denying the petitioner the fundamental rights of both the above mentioned amendments.) The petitioner is secured by the Fourth Amendment to be free from unreasonable and searches and seizures and also the right not to be deprived of liberty, and or property without Due process of law, nor be denied the (equal) protection of the laws. As it is guaranteed to the petitioner with respects to the U.S.C. 14th Amendment.)

The Supporting facts most favorable to the petitioner's claims are: On or about the 1st day of May 1, 2017 the petitioner was approached by the Fort Wayne Police Department at gun-point and order to get your hands up!) The petitioner complied with officer's request the petitioner it is said by the establishment of the record the petitioner was detained in regards to matching the description of a shoplifter at a local walgreens store.) Class A. Misdeamenor) The petitioner is never advised he is under arrest.) Yet he is further detained while the assistant store manager from the walgreens is delivered to the location where the police have the petitioner detained. The petitioner participated in what is commonly known as a show-up, he was positively identified by the assistant store manager by his clothing as the shoplifter.) The petitioner is still not advised he is under arrest, nor is he advised as to any rights.

After identification is made the petitioner then, not taken directly to jail but unwillingly, unknowingly to the police station (involuntairly). There he is place in a video recorded interview room shackled to the floor.) Not free to leave). Furthermore, the petitioner intially encounters the now retired police officer Kathleen Morales who then advised the petitioner today you are under arrest for the crimes of burglary, battery, stolen vehicle, and theft.) The officer then advised would you and or do you have anything you would like to tell me?) The petitioner advised he would like to exercise his fifth amendment right.) There are no advisement of rights, no execution of any warrant to arrest for any of the above mentioned crimes or any crime for that matter.) There is never any search warrant executed (served upon the petitioner). No return, the officer in regards to decency and fairness never so much as introduces herself to the petitioner.) The officer then exits the room for hours, leaveing the petitioner under the false impression he is under arrest for the above mentioned crimes, whereas the facts most favorable to the petitioner he was not.) Upon the now retired officer's return (Morales) the petitioner is asleep atop of the interview room table when he is then awaken by yet another Fort Wayne police officer Ricky Allen Brumett.) While Morales stands observing the petitioner is then photographed, swabbed for his DNA (hands) these samples were never submitted to the crime lab as disclosed in the record.) The petitioner is then swabbed buccal (mouth), and then stripped completely naked of all his clothing and personal property.) However, the petitioner is then taken to jail, whereas he is never taken before a magistrate for any of the above mentioned crimes.) Yet, seven days later the petitioner is released being May 8, 2017 without any return of the search warrant somehow mistakenly labeled as~~ as an affidavit nor any of his property.

The Petitioner further asserts he has not been given a full and fair opportunity by the State of Indiana in regards to the litigation of his Fourth and Fourteenth Amendment claims.) The state of Indiana in its brief in regards to the petitioner's direct appeal, attaching to such its November 29, 18 memorandum decision does disclose the petitioner's May 1, 2017, involuntary trip to the police station.) Nor does it include any of the facts or circumstances of such in its reply in regards to the petitioner's petition in regards to postconviction.) There was never any investigation put forth by the petitioner's court appointed attorney in respect to the United States Constitution Fourth, Fifth, Sixth, and Fourteenth Amendments.) The fundamental rights of Miranda, to be free from unreasonable searches and seizure, attaching to such rights the equal protections of laws, being that of both substantial and procedural rights of due process alike.
The search warrant somehow mistakenly labeled as an affidavit (Exhibit A2) along with (Exhibit A1) for what is now known as the actual search warrant affidavit filed 2/23/21 merely three (3) yrs after the appellant's trial. Upon the petitioner's trial the newly discovered search warrant affidavit (Exhibit A1) filed 2/23/21 and (Exhibit A2) the search warrant mistakenly labeled as an affidavit were not put into evidence at the petitioner's trial. Nor was their absence in any way accounted for by either the state or the petitioner's court appointed counsel, nor was there any certified copies of them produced.

The petitioner advised counsel numerous times that the police officer was not being truthful in regards to serveing a warrant upon him May 1, 2017 during his involuntary trip to the police station. The petitioner further requested in-camera review of his intial encounter with Kathleen Morales and or his time with police May 1, 2017 in the interview room.) See state exhibit (66) being only 5 mins. Furthermore, the petitioner further requested copies and review of the search warrant affidavit, the application of such, along with warrant and return of such and was only provided with the mistakely labeled search warrant see IC 35-33-5-3. I could not identfy who took my property.

Ground - Three - Excessive Fines.) USCS Const. Amnd 8.
Excessive fines shall not be imposed as defined by the USC eigth 8th amendment, IND. Const. Art 1, sec 16 all penalties shall be proportioned to the nature of the offense.) The petitioner is hereby fined in the sum of 961.98.) For the cost to replace a television, laptop computer that was still in the home May 1, 2017, that the petitioner never possessed that the witness Deloise Kelly discovered was missing after she returned home after her stay in rehabilitation. Though she has made a claim there was never any letter or statement of opinion to the court.) No documentation was ever provided to the court. Yet I am fined

Ground-Four.) Intentional Concealment - Tampering with evidence

Where is the intial encounter between Morales and the petitioner? The petitioner was in the Fort Wayne, IN police Department interview room #3 well beyond 5mins May 1, 2017. Where is the execution of the search warrant mistakenly labeled as an affidavit being at 1:58 pm? Overall, being served upon the petitioner by whom? Where is the return of the search warrant mistakenly labeled as an affidavit in the regards to due process? All matters concerning the petitioner's U.S.C. rights of the Fourth, Fifth, Six, eigth, and Fourteenth Amendments, IND. Const. Art I. Sec 11, 12, 13, 15, 16, and 21. Could have been alleviated by counsel through proper pre-Trial investigation, and or confrontation.

As previously stated in the petition Counsel's ineffectiveness was the functional equivalent of having had no representation at all in all respects to the united states constitution's Sixth (6th) Amendment.) IND. Const. Art I. Sec 13.) To be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, to be heard by himself and counsel, and to have the assistance (effective) of counsel for his defence.) These matters relates to motions being filed on behalf of the petitioner.) Motion Practice) Investigation, Experts - If medical records are relevant, examine them allow the petitioner the equal opportunity to examine them to see what portion of the records are admissible. Talk to the doctors themselves. Hospital personnel are usually helpful in this area.) Interviewing Potential witnesses, These matters fall all within the scope of counsel's preparation of the case (Pretrial Proceedings). I am unsure as to how and why these methods of preparing the petitioner's defense was overlooked by counsel. Suppression Motions.)

Count-Five.) Failure to move Suppress illegally obtained evidence.)
As Counsel for the petitioner was well aware in some cases, the outcome of the suppression motion decides the case.) If the court ~~decides~~ suppresses evidence that the state needs to prove its case, the case proceeds no further.) Often the motion results in a hearing which gives the defense an opportunity both to cross-examine the state's witness and to receive the documents authored by that witness. There is no way to say the method of the motion would have not prevailed, when counsel for the petitioner never made an attempt.) Searches occur in almost every criminal case.) The validity of a search will not become an issue unless the defense attorney for the petitioner makes and or made it one.) First, by not filing the motion, counsel lost for the petitioner a very important discovery tool, the suppression hearing.)

The suppression hearing is held well in advance of trial.) The suppression hearing should never had been taken lightly, not only could the court appointed Counsel for the petitioner suppressed damaging evidence against the petitioner he could have at the bere minimum provided the petitioner the equal opportunity for cross-examination of Kathleen Morales a retired police detective who as of May 1, 2017 requested the petitioner be delivered to the police station.) Who advised the petitioner you are under arrest, never serving the petitioner the mistakenly labeled warrant.) Overall who arrested the petitioner without cause. Furthermore, it is clear a discrepancy exists between the petitioner, the detaining officers who detained the petitioner on the streets, and the trial judge (the state) whereas the officers and trial judge seems to believe the petitioner was never arrested as of May 1, 2017.) See Trial Tr. Vol (2) P.26-27, Questions by the petitioner in regards to the trial judge Pet. Trial Tr. Vol (1) PP. 4, 5, 6.) Just so the record is clear.)

This is why the suppression motion was vital, the opportunity for the hearing.) However, all of the strategy decisions made during the hearing could of had a very substantial impact on the outcome of the petitioners trial and or dilemma.) For example, the state called the arresting officer as a witness at the suppression hearing, the state must have then produced the officer's report of the arrest.) Most officers, whether federal or local, make contemporaneous reports of their actions. Not only did the petitioner's court appointed counsel deny the petitioner an equal opportunity to learn about the state's case, but also denied the petitioner the equal opportunity for a grist chance at confrontation and or cross-examination of Kathleen Morales, witnesses rarely say the same exact thing twice.) Whereas Morales has never testified to arresting the petitioner May 1, 2017, serving nor executing a warrant to arrest or search, nor advising the petitioner as to any rights regarding Miranda.) In the scope of the U.S.C. 4th, 5th, 6th, and 14th amendments Due process clause and finally in regard to due process the petitioner has never through counsel, the state, the fort wayne police (Morales) been provided with a return or any compensation for the return of any of his personal property that was seized and not entered into evidence.) Due process IC.35-33-5-4, 35-33-5-5 (C)(A)(B).)

Hereby, the petitioner contends in support of his factual claims that his conviction is in violation of the united states Constitution's Fourth, Fifth, Sixth, eigth, and Fourteenth amendments.) Indiana Const. Art 1. sec 11,12,13,16, 21 and 23.) The petitioner further contends he is thereby prejudiced, whereas counsel's ineffective representation was the functional equivalent of having had no representation at all.) There were no substantial motions filed on behalf of the petitioner, counsel denied the petitioner the constitutional right to the compulsory process in obtaining any witnesses in his favor.) Counsel failed for that matter to interview any witnesses besides the Hostile state witness Deloise Kelly (1).) Counsel's performance is further deficient Whereas Counsel failed to investigate the witness Deloise Kelly's reputation for veracity where there are two police reports one (1) describing the assualt being very minimum.) Another describing the actual assailant and the fact there was nothing said to the witness Deloise Kelly after being struck (3) times in which might have been used for impeachment purposes.)

Overall, this method is part of the trial strategy and or strategy at trial as previously stated, Pretrial motions for suppression of the state's evidence or for a hearing to determine the admissibility of evidence are filed long before trial.) However, sometimes these motions are not resolved until the trial date is imminent. Ideally, where counsel successfully suppresses evidence necessary to the states's Prima facie case, dismissal of the indictment results.) Meaning there would of not have been a trial.) In addition, defense Cousel for the petitioner may have sought a suppression hearing to contest the lawfulness of the arrest, the involuntary trip to the police station, and the strip search of the petitioner.) Furthermore, to contest the incriminatory evidence that the state intended to introduce at the petitioner's trial.) And finally to allege the basis for the petitioner's standing to contest had Kathleen Morales in fact served the search warrant mistakenly labeled affidavit upon the petitioner or was the evidence obtained by an Improper Strategic manipulation of arrest?) Exploitation)

However, It is true and the Petitioner understands that counsel is not required to spend any specific number of hours preparing for trial, whether those preparations relate to investigation, witness interviews or other prepatory matters.) But Counsel is and or was expected to do something or alternatively provide an explanation for his lack of effort.) Petitioner's Trial Tr. vol 2, pp. 154-155, Counsel has and or had a duty to conduct an independent investigation of the petitioner's case or articulate a strategic reason for his failure to do so.)

Timeliness of Petition.)

Comes now the petitioner pro se pursuant to 28 U.S.C. 2244.) To give explanation to this federal court as to why the one-year statute of limitations as contained in 28 U.S.C. 2244(d) does not bar his petition. The petitioner duly confirms he has exhausted all state claims and remedies in regards to his claim of (1) Ineffective assistance of trial counsel attaching to such claim denial of both substantial and procedural due process alike.) U.S.C. Sixth Amendment, IND. Const. Art 1. sec 13. U.S.C. Amendment 14.) (2) Unreasonable Search and Seizure attaching to such claim failure to move to suppress illegally obtained evidence.) U.S.C. Fourth Amendment, Ind. Const. Art 1. Sec 11.) Denial of substantial and Procedural due process alike.) Denial of dueprocess and the equal Protections of law.) The petitioner direct appeal of judgement of his conviction became final on November 29th 2018.) Whereas the Court of appeals affirmed the petitioner's conviction.) The petitioner filed a pro se petition for postconviction relief on June 24th 2019 raising the above mentioned claims.) On April 30th 2021.) The petitioner's petition for postconviction relief was thereby denied without hearing.) On June 21, 2021 the petitioner filed a notice of appeal.) The petitioner's appeal ensued whereas on August 22, 2022 the petitioner's appeal was denied with Prejudice do to his failure to properly file and or tender a proper appellant appendix pursuant to app. R. 50 and 51.) On october 14th, 2022 the petitioner filed a petition to transfer to the IND. Supreme Court again raising the above mentioned claims.) The state of Indiana as of 11/16/22 filed notice no response would be filed in regards to the petitioner's petition and constitutional claims.) Finally on April 6, 2023 the Indiana Supreme court denied the petitioner's petition.)

The petitioner further asserts that he has followed all the following proper procedures in regards to exhausting one's state remedies.) To wit: Trial, Direct review (appeal), PCR, PCR Appeal.) On April 6, 2023 the petitioner's final review of his state claims and remedies became ~~file~~ final.) The time during which a properly filed application for state post conviction or other collateral review with respects to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.) In which this petition is timely under the provisions of 28 U.S.C. 2244(d.)

## Relief

Wherefore, the petitioner prays this Honorable Court issue a writ of habeas corpus relief, and thereby grant the petitioner the Equal rights under the law.) Whereas he be granted the opportunity to have a (full) and (fair) evidentiary ~~to be a partie~~ hearing to give evidence, to be partie, to be provided with an explanation as to the ~~m~~ petitioner's trial counsel's lack of effort in regards to his duty to conduct an independent investigation of the petitioner's case or articulate a strategic reason for his failure to do so.) The petitioner further prays this Honorable Court issue a writ of habeas corpus relief, and thereby grant the petitioner a~~n~~ full and fair hearing to litigate all his 4th, 5th, 6th, and 14th amendments.) IND. Const. Art 1. secs. 11, 12, 13, 16, 21 and 23.) And Hereby vacate the decision of the Court of Appeals finding that the petitioner's trial counsel was not ineffective, and that the arrest of the petitioner without cause and strip search of the petitioner was proper.) And thereby grant the petitioner a new trial.) And for all other relief the court may deem just and proper ~~within~~ within the premises.

Respectfully submitted,
Akeem D. Boddie - 238755
Wabash Valley Corr. Facility
P.O. Box 1111
Carlisle, IN 47838-1111

Certificate of Service.)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this petition for writ of Habeas Corpus was placed in the prison mailing system on April 20, th 2023

Executed on April 20, 2023

Akeem D. Baddie - 238755

I, certify that on April 20, 2023 the foregoing petition for write of Habeas Corpus was served upon the clerk of the United States District Court for the Southern District of Indiana, located at 46 E. Ohio St. (Rm) 105 U.S. Courthouse. Indianapolis, IN 46204.)

I, also certify that on April 20, 2023, the foregoing was served upon opposing counsel, by united state mail postage prepaid, addressed as follow: Caroline Gail. Templeton.) Office of the Attorney General IGCS, 5th Floor, 302 W. Washington Street, Indianapolis, IN 46204-2770